# EXHIBIT "1"

1   William A. Nebeker, State Bar No. 004919
    Rachel C. Nies, State Bar No. 022617
2   Zahnie L. Soe Myint, Esq., State Bar No. 020010
    James M. O'Brien, State Bar No. 024497
3   **KOELLER, NEBEKER, CARLSON & HALUCK LLP**
    3200 North Central Avenue, Suite 2300
4   Phoenix, Arizona 85012
    Telephone: (602) 256-0000
5   Facsimile:  (602) 256-2488
    E-mail: Nebeker@knchlaw.com
6   E-mail: rachel.nies@knchlaw.com
    E-mail: zahnie.soemyint@knchlaw.com
7   E-mail: james.obrien@knchlaw.com
    *Attorneys for Plaintiff Courtland Homes, Inc.*

8

9

10              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11                 **IN AND FOR THE COUNTY OF MARICOPA**

12   COURTLAND HOMES, INC.          Case No. CV2011 005858

13          Plaintiffs,                        **COMPLAINT**

14       vs.                          **(Breach of Contract, Declaratory Judgment,
                                          Breach of Covenant of**
15   AMERICAN    FAMILY    MUTUAL        **Good Faith and Fair Dealing)**
     INSURANCE COMPANY, a Wisconsin
16   Corporation;   AMERICAN   FAMILY
     INSURANCE   GROUP,   a   Wisconsin
17   Corporation; ROES I – X; and BLACK
     AND WHITE BUSINESS ENTITIES XI -
18   XX,

19

20          ~~Defendants.~~

21

22                     **GENERAL ALLEGATIONS**

23       1.    COURTLAND HOMES, INC. (hereafter "COURTLAND") was at all times

24   material herein an Arizona corporation and a duly licensed contractor authorized to do

25   business and doing business within the County of Maricopa, State of Arizona.

                                -1-

2.    Upon   information   and   belief,   Defendant   AMERICAN   FAMILY INSURANCE GROUP was at all time material hereto a Wisconsin corporation authorized to do business and was doing business within the County of Maricopa, State of Arizona.

3.    Upon  information  and  belief,  Defendant  AMERICAN  FAMILY  MUTUAL INSURANCE  COMPANY  was  at  all  time  material  hereto  a  Wisconsin  corporation authorized to do business and was doing business within the County of Maricopa, State of Arizona.   AMERICAN FAMILY MUTUAL INSURANCE COMPANY is a member of AMERICAN  FAMILY  INSURANCE  GROUP,  and  hereafter,  the  two  entities  will  be collectively referred to as "AMERICAN FAMILY."

4.    Defendants Roes I-X are fictitious names for Defendants whose true names are not known to COURTLAND at this time.   COURTLAND requests permission to assert the true names of these Defendants at such times as their true names are discovered with the same effect as if such names had been set forth herein.

5.    Defendants Black and White Business Entities XI-XX are fictitious names for Defendants whose true names are not known to COURTLAND at this time.   COURTLAND requests permission to assert the true names of these Defendants at such times as their true names are discovered with the same effect as if such names had been set forth herein.

6.    The amount at issue exceeds the Court's minimum jurisdictional requirements.

7.    Venue is proper in Maricopa County.

8.    COURTLAND was subdivider of Rock Springs II Phase I, marketed under the names of Enclave at Rock Springs and Reserve at Rock Springs, located at northwest corner

of Jomax Road and 75th Avenue, City of Peoria, Maricopa County, Arizona; Interstate 17 north, thence west on Happy Valley Road, thence north on 67th Avenue, thence west on Jomax Road, thence north on 76th Avenue and into said subdivision.  (The "Rock Springs Project.")  The Rock Springs Project consisted of lots numbered 261 through 500, inclusive. COURTLAND, by and through its subcontractors, built and sold single-family homes on said lots.

9.    Plaintiff COURTLAND was owner of Crossriver Unit 2 a.k.a. The Viewpoint at Crossriver, located at the northeast corner of 119th Avenue and West Foothill Drive, Maricopa County, Arizona. (The "Crossriver Project.")  The Crossriver Project consisted of lots numbered 1 through 92, inclusive.  COURTLAND, by and through its subcontractors, built and sold single-family homes on said lots.

10.    Plaintiff COURTLAND was owner of Rancho Silverado Unit 1 a.k.a. Highlands and Silvergate at Crossriver, located at the northeast corner of 123rd Avenue and West Williams Drive, Maricopa County, Arizona.  (The "Highlands Project.")  The Highlands Project consisted of lots numbered 1 through 210, inclusive.  COURTLAND, by and through its subcontractors,  built and sold single-family homes on said lots.

11.    Plaintiff COURTLAND was subdivider of Rio Sierra a.k.a. The View Point at Crossriver and Wildwood at Crossriver, located at northeast corner of 121st Avenue and West Carlota Lane, Maricopa County, Arizona.  (The "Rio Sierra Project.")  The Rio Sierra Project consisted of lots numbered 1 through 84, inclusive, 93 through 166, inclusive, and

- 3 -

1  255 through 280, inclusive.  COURTLAND, by and through its subcontractors,  built and

2  sold single-family homes on said lots.

3       12.    The Rock Springs Project, the Crossriver Project, the Highlands Project, and

4  the Rio Sierra Project are collectively referred to herein as "the Projects."

5

6       13.    Subcontractors performed work and/or supplied materials and/or products in

7  regard to the above-named Projects for and on behalf of COURTLAND, pursuant to one or

8  more written subcontract agreements.

9       14.    COURTLAND has received claims from homeowners within the above-

10 described Projects alleging various defects and damages with their homes including but not

11 limited to, the following:  stucco system deterioration, failing, crumbling, cracking, bulging,

12

13 delamination and deflection; improper, missing and damaged window flashing, misaligned

14 framing at interstitial space at two-story homes and at roof to wall transitions; improperly

15 installed gable vents with leaking and moisture intrusion; gypsum board improperly cut and

16

17 installed at trusses; missing and improperly installed moisture proof membrane at horizontal

18 surfaces; missing backing at side walls of recessed window framing; water proof membrane

19 not adhered to structure and improperly lapped at weather resistant barrier and/or window

20 flashing with moisture intrusion and water staining of framing, OSB panels, insulation, and

21 interior drywall.  As a result thereof, COURTLAND has incurred, and will continuing to

22

23 incur, costs to repair said construction defects that have caused/resulted in property damage,

24 including costs to repair personal property damage and damage resulting from the work of

25 the subcontractors.

15.     This Complaint again tenders the defense and indemnification as to all of the claims against COURTLAND relating to the Projects.

16.     As a result of homeowner claims and allegations, COURTLAND has had, and will have, to defend itself, thus incurring expenses, including attorney and expert/consultant fees and repair and other costs (hereinafter referred to as the "Underlying Actions"). The Underlying Actions allege, in part, liability against COURTLAND because of alleged damaged and/or defective construction at the Projects.

17.     COURTLAND purchased liability insurance from AMERICAN FAMILY bearing the policy number 02X-01179-01 (hereinafter referred to as the "Policy"). The policy period ran from May 1, 2006 to December 1, 2007. The Policy is attached hereto and incorporated herein.

18.     COURTLAND first tendered the defense and indemnification of the Underlying Actions to AMERICAN FAMILY as an insured under the Policy on September 22, 2010. AMERICAN FAMILY improperly denied COURTLAND's tender and has since failed to properly defend and indemnify COURTLAND in the Underlying Actions. Consequently, AMERICAN FAMILY has not made any payments toward COURTLAND's defense or indemnity of the Underlying Actions.

## COUNT ONE
### (Declaratory Relief – Breach of Contract – Duty to Defend)

19.     COURTLAND refers to and incorporates herein by reference paragraphs 1 through 18 above, as though fully set forth herein.

20.   An actual controversy has arisen and now exists between COURTLAND, AMERICAN FAMILY and Defendants Roes I-X and Black and White Business Entities XI-X, in that COURTLAND contends that Defendants are each contractually obligated to defend COURTLAND under the Policy issued by AMERICAN FAMILY.  Defendants have failed to provide COURTLAND with any sort of defense, and they therefore have failed to fulfill their obligations to defend COURTLAND.

21.   COURTLAND desires a judicial determination of the respective rights and obligations of Defendants and COURTLAND with respect to COURTLAND's claims for defense.

22.   Such a judicial determination is necessary and appropriate in order that COURTLAND may ascertain its rights and obligations as an insured under the terms of the policies identified above.

23.   COURTLAND has a substantial interest in that portion of the insurance contract issued by AMERICAN FAMILY, which insures COURTLAND against liability arising out of the Underlying Actions.

24.   There are no provisions or exclusions in the Policy that preclude coverage of COURTLAND's defense.

25.   COURTLAND had an objective, reasonable expectation of obtaining coverage under the Policy.

26.   COURTLAND is a corporation interested in the contract described above and is entitled pursuant to the provisions of Ariz. Rev. Stat. § 12-1831, *et seq.* to have the rights

1    and legal relations of the parties thereunder declared as a matter of law.

## COUNT TWO
### (Declaratory Relief - Breach of Contract – Duty to Indemnify)

27.    COURTLAND refers to and incorporates herein by reference paragraphs 1 through 26 above, as though fully set forth herein.

28.    An actual controversy has arisen and now exists between COURTLAND, AMERICAN FAMILY and Defendants Roes I-X and Black and White Business Entities XI-X, in that COURTLAND contends that Defendants are each contractually obligated to indemnify COURTLAND as an insured to the Policy issued by AMERICAN FAMILY. Defendants have failed and refused to fulfill their obligations to indemnify COURTLAND.

29.    COURTLAND desires a judicial determination of the respective rights and obligations of Defendants and COURTLAND with respect to COURTLAND's claims for indemnity.

30.    Such a judicial determination is necessary and appropriate in order that COURTLAND may ascertain its rights and obligations as an insured under the terms of the policies identified above.

31.    COURTLAND has a substantial interest in that portion of the insurance contract issued by AMERICAN FAMILY, which affords COURTLAND indemnity against the Underlying Actions.

32.    The Policy insured COURTLAND against liability alleged in the Underlying Actions.  There are no provisions or exclusions in the Policy that preclude coverage of COURTLAND's indemnity.

- 7 -

33.     COURTLAND is a corporation interested in the contract described above and is entitled pursuant to the provisions of Ariz. Rev. Stat. § 12-1831, *et seq.* to have the rights and legal relations of the parties thereunder declared as a matter of law.

## COUNT THREE
### (Breach Of Covenant Of Good Faith and Fair Dealing)

34.     COURTLAND refers to and incorporates herein by reference paragraphs 1 through 33 above, as though fully set forth herein.

35.     By issuing the above-identified policies providing coverage to COURTLAND as an insured, Defendants assumed obligations of trust, confidence, and utmost good faith to COURTLAND.     By virtue of having assumed these obligations, Defendants owed COURTLAND a duty of good faith and fair dealing, obligating Defendants to place COURTLAND's interests equal with or ahead of their own respective interests and to do nothing to deprive COURTLAND of the benefits of the policies.

36.     Defendants sought to protect their own interests, breached their obligations to act fairly and in good faith towards COURTLAND by engaging in, but not necessarily limited to, the following conduct:

a.      Failing to conduct reasonable, timely, and unbiased investigations to fully evaluate COURTLAND's requests for a defense of the Underlying Actions;

b.      Failing and refusing to provide COURTLAND a full and complete defense to the Underlying Actions without proper cause and without regard to the provisions of the respective insurance policies, relevant case law, and facts alleged by Plaintiffs in the Underlying Actions or otherwise available through reasonable investigation;

c.      Refusing to acknowledge and honor its obligations to COURTLAND under the policies;

d.      Basing coverage decisions, or the lack thereof, on a desire to reduce and/or avoid obligations to COURTLAND;

e.      Failing and refusing to afford COURTLAND a complete defense and indemnity to the Underlying Actions.

37.     By engaging in the foregoing conduct, Defendants purposely deprived COURTLAND of the rights and benefits as an insured under the policies.

38.     Defendants' conduct, as alleged herein, is part of a conscious and deliberate pattern of unfair claims practices engaged in by Defendants and each of them. Such practices include a deliberately conceived, continuous policy and practice of non-payment and/or rejection of tenders of defense and indemnity made by their insureds, including COURTLAND herein. Such a deliberate practice frustrates COURTLAND's reasonable expectations for coverage under the terms of the liability insurance policy and constitutes a breach of the covenant of good faith and fair dealing.

39.     Upon information and belief, Defendants, by and through their officers, directors, and/or managing agents, authorized or ratified the wrongful acts of their employees as herein described or knew in advance that the employees were likely to commit such acts, and employed him or her with conscious disregard of the rights of others.

40.     As a direct and proximate result of such breaches by Defendants, COURTLAND has been injured and has suffered and continues to suffer damage in an

amount to be proven at trial.  Such damages include, but are not limited to, investigative defense fees and costs, including additional attorneys' fees and expert fees incurred in defending the Underlying Actions; legal costs incurred to obtain the benefits of COURTLAND's coverage as an insured; loss of use of funds; and other foreseeable damages in a total sum to be determined at the time of trial, including pre-judgment interest at the legal rate.

41.   COURTLAND further alleges, upon information and belief, that because of the actions of Defendants described herein were willful and malicious, Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiff, COURTLAND prays for judgment against Defendants as follows:

A.    For judgment on declaring and adjudicating that AMERICAN FAMILY and Defendants Roes I-X and Black and White Business Entities XI-X are each contractually and legally obligated to fully and completely defend and indemnify COURTLAND as an insured to the AMERICAN FAMILY policies;

B.    For direct and consequential damages established according to proof at trial;

C.    For pre-judgment and post-judgment interest thereon at the highest legal rate;

D.    For reasonable attorneys' fees and costs, pursuant to A.R.S. § 12, 341, § 12-341.01, and/or by contract;

E.    For punitive damages; and

F.      For such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this _25th_ day of March, 2011.

**KOELLER NEBEKER CARLSON
& HALUCK, LLP**

By _____
William A. Nebeker, Esq.
Rachel C. Nies, Esq.
Zahnie L. Soe Myint, Esq.
James M. O'Brien, Esq.
*Attorneys for Courtland Homes, Inc.*

**ORIGINAL** of the foregoing
filed this _25th_ day of March, 2011

By: _____

- 11 -

# EXHIBIT "2"

1   William A. Nebeker, State Bar No. 004919
    Rachel C. Nies, State Bar No. 022617
2   Zahnie L. Soe Myint, Esq., State Bar No. 020010
    James M. O'Brien, State Bar No. 024497
3   **KOELLER, NEBEKER, CARLSON & HALUCK LLP**
    3200 North Central Avenue, Suite 2300
4   Phoenix, Arizona 85012
    Telephone: (602) 256-0000
5   Facsimile:  (602) 256-2488
    E-mail: Nebeker@knchlaw.com
6   E-mail: rachel.nies@knchlaw.com
    E-mail: zahnie.soemyint@knchlaw.com
7   E-mail: james.obrien@knchlaw.com
    *Attorneys for Plaintiff Courtland Homes, Inc.*
8

9             IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10               IN AND FOR THE COUNTY OF MARICOPA

11

12   COURTLAND HOMES, INC.            Case No: CV2011 005858

13         Plaintiffs,

14         vs.                                **CERTIFICATE REGARDING**
                                              **COMPULSORY ARBITRATION**
15   AMERICAN    FAMILY    MUTUAL
16   INSURANCE  COMPANY,  a  Wisconsin
     Corporation;   AMERICAN    FAMILY
17   INSURANCE   GROUP,   a   Wisconsin
     Corporation; ROES I – X; and BLACK
18   AND WHITE BUSINESS ENTITIES XI –
19   XX,

20         Defendants.

21

22         The undersigned certifies that he knows the dollar limits and any other limitations set

23   forth by the local rules of practice for the applicable superior court, and further certifies that

24   this case is not subject to compulsory arbitration, as provided by Rules 72 through 76,

25   *Arizona Rules of Civil Procedure.*

**RESPECTFULLY SUBMITTED** this 25th day of March, 2011.

**KOELLER NEBEKER CARLSON & HALUCK, LLP**

By _____

William A. Nebeker, Esq.
Rachel C. Nies, Esq.
Zahnie L. Soe Myint, Esq.
James M. O'Brien, Esq.
*Attorneys for Courtland Homes, Inc.*

**ORIGINAL** of the foregoing
filed this 25th day of March, 2011

By: _____

- 2 -

# EXHIBIT "3"

STATE OF ARIZONA
DEPT. OF INSURANCE

MAR 3 1 2011

TIME 12:47 pm
SERVICE OF PROCESS

1  William A. Nebeker, State Bar No. 004919
   Rachel C. Nies, State Bar No. 022617
2  Zahnie L. Soe Myint, Esq., State Bar No. 020010
   James M. O'Brien, State Bar No. 024497
3  **KOELLER, NEBEKER, CARLSON & HALUCK LLP**
   3200 North Central Avenue, Suite 2300
4  Phoenix, Arizona 85012
   Telephone: (602) 256-0000
5  Facsimile: (602) 256-2488
   E-mail: Nebeker@knchlaw.com
6  E-mail: rachel.nies@knchlaw.com
   E-mail: zahnie.soemyint@knchlaw.com
7  E-mail: james.obrien@knchlaw.com
   *Attorneys for Plaintiff Courtland Homes, Inc.*
8

9

10            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11              IN AND FOR THE COUNTY OF MARICOPA

12  COURTLAND HOMES, INC.             Case No.   CV 011  005858

13       Plaintiffs,

14                                                 **SUMMONS**
    vs.
15
    AMERICAN    FAMILY    MUTUAL
16  INSURANCE  COMPANY, a  Wisconsin
    Corporation;    AMERICAN    FAMILY
17  INSURANCE   GROUP,  a   Wisconsin
    Corporation; ROES I – X; and BLACK
18  AND WHITE BUSINESS ENTITIES XI –
    XX,
19

20       Defendants.

21  THE STATE OF ARIZONA TO DEFENDANTS:

22
              **AMERICAN FAMILY MUTUAL INSURANCE COMPANY**
23                  **Arizona Director of Insurance**
                   **2910 N. 44th Street, 2nd Floor**
24                     **Phoenix, AZ 85018**

25

- 1 -

YOU ARE HEREBY SUMMONED and required to serve upon the plaintiff's attorney an answer to the complaint which is herewith served upon you, within twenty (20) days, exclusive of the day of service, after service of this summons upon you if served within the State of Arizona, and within thirty (30) days, exclusive of the day of service, if served without the State of Arizona.  Where process is served upon the Arizona Director of Insurance, as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

The name and address of Plaintiff's attorney is:

William A. Nebeker, Esq.
Rachel C. Nies, Esq.
Zahnie L. Soe Myint, Esq.
James M. O'Brien, Esq.
**KOELLER, NEBEKER, CARLSON & HALUCK, LLP**
3200 North Central Avenue, Suite 2300
Phoenix, Arizona 85012
602-256-0000

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

SIGNED AND SEALED this ____ day of March, 2011.

MAR 2 5 2011

_____
Clerk

By _____
Deputy Clerk

# EXHIBIT "4"

William A. Nebeker, State Bar No. 004919
Rachel C. Nies, State Bar No. 022617
Zahnie L. Soe Myint, Esq., State Bar No. 020010
James M. O'Brien, State Bar No. 024497
**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
3200 North Central Avenue, Suite 2300
Phoenix, Arizona 85012
Telephone: (602) 256-0000
Facsimile:  (602) 256-2488
E-mail:  Nebeker@knchlaw.com
E-mail:  rachel.nies@knchlaw.com
E-mail:  zahnie.soemyint@knchlaw.com
E-mail:  james.obrien@knchlaw.com
*Attorneys for Plaintiff Courtland Homes, Inc.*

COPY

MAR 25 2011

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| COURTLAND HOMES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation; AMERICAN FAMILY INSURANCE GROUP, a Wisconsin Corporation; ROES I – X; and BLACK AND WHITE BUSINESS ENTITIES XI - XX,<br><br>Defendants. | Case No. CV2011 005858<br><br>**PLAINTIFF'S<br>DEMAND FOR JURY TRIAL** |

Plaintiff, COURTLAND HOMES, INC., by and through undersigned counsel, and pursuant to Rule 38(b), *Arizona Rules of Civil Procedure,* hereby request a trial by jury on all triable issues in the above-entitled action.

1  **RESPECTFULLY SUBMITTED** this _____ day of March, 2011.

2                                                      **KOELLER NEBEKER CARLSON**
3                                                      **& HALUCK, LLP**

4
                                                       By _____
5                                                          William A. Nebeker, Esq.
                                                           Rachel C. Nies, Esq.
6                                                          Zahnie L. Soe Myint, Esq.
7                                                          James M. O'Brien, Esq.
                                                           *Attorneys for Courtland Homes, Inc.*
8

9  **ORIGINAL** of the foregoing
   filed this _____ day of March, 2011
10

11  By: _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                      - 2 -

# EXHIBIT "5"



KOELLER | NEBEKER | CARLSON | HALUCK LLP

Keith D. Koeller *
William A. Nebeker * *
Robert C. Carlson † †
William L. Haluck *
Joseph J. Cullen † †
Lynn M. Bouslog (1953-1997)
Edward W. Schmitz *
Megan K. Dorsey † †
Mark D. Newcomb † †
Anna T. Amundson † †
Robert A. Fisher II *
Martha J. Dorsey † †
Erik R. Musurllan *
Jerome R. Satran *
Jay M. Bulger † †
Gary L. Hoffman *
Sharon A. Huerta *
Rachel C. Nies **
Jason W. Williams † †
Zahnie L. Soe Myint *
Jeffrey M. McConnell *
John P. Donovan *
Judith A. Downs **
Troy G. Allen
Ian P. Gillan †
Jennifer A. Salem †
Marla K. Plese *
Valerie Edwards
Tracy L. Hughes *
John C. Pytel † †
Christopher J. Crossi *
Michael J. Logan
John H. Cline
Laura D. Cason *
Fort A. Zackary, Jr. *
Karl J. Cruse
Christopher D. Graham
Marcus D. Tappe
Kamran A. Khawar *
Richard G. Somes *
Melissa J. England
Mark F. Roach †
Megan Mahoney †
Michael P. Zech *
Jennifer A. Welner *
Petra N. Ambrose †
Stephanie L. Young † †
James M. O'Brien **
Bonnie J. Bennett *
Andrew C. Green †
Sarah P. Long † †
Stephen C. Ubl *
Alicia A. Hagerman †
Andre C. Robin *
Ashley N. Coleman *
Richard D. Young †
Cody S. Mounteer †
Sarah J. Bean †
Douglas C. Koeller *
Scott A. Davis *
Lisa I. Streu
Shawn C. Loorz *
Ryan T. Antes *
Joshua M. Kimura *
Kathy McCarthy †
David W. Degnan
Phillip Chen *
_ Michael Miley *
Cassandra S. Cummings †

Director Of Administration
N. Dale Langley

Director Of Client Relations
Marcia A. Cullen

Licensed To Practice In
California
* California & Arizona
† California & Nevada
‡ Nevada

February 18, 2011

**VIA REGULAR U.S. MAIL**

American Family Insurance Group
Attn:  Martin F. Ellis, CPCU, ARM
P.O. Box 526
Franktown, Colorado  80116

> *Re:*    *Your insured:*    ***Courtland Homes***
> *Project:*    *The Reserve at Rock Springs*
>     *& The Enclave at Rock Springs*
> *Policy No.:*    *02X-01179-01 (5/1/05 ~ 12/01/07)*
> *KNCH Case Code:*    *005.616*

Dear Mr. Ellis:

Enclosed for your review is a spreadsheet tracking all legal fees and costs, as well as repair costs that have been incurred by Courtland Homes to date. Please note this total has now reached just over $250,000.00. Also enclosed are copies of the supporting invoices and payment checks for your file. Courtland Homes requests once again that American Family reconsider its position regarding Courtland Homes' tender and agree to defend and indemnify Courtland Homes in this matter.

Sincerely,

Koeller, Nebeker, Carlson & Haluck, LLP

Zahnie L. Soe Myint, Esq.
zahnie.soemyint@knchlaw.com

ZLS/kt
cc:    Mr. Jared Evenson, Courtland Homes (via e-mail)

Case Code: **005.616**
Case Name: **Courtland Homes / Rock Springs**
Date: February 17, 2011

| Invoice Date | Date Sent | Provider | Invoice Number | Invoice Amount |
|---|---|---|---|---|
| 07/14/10 | 07/20/10 | MC 2 Consultants | 30782 | $822.80 |
| 08/13/10 | 08/30/10 | MC 2 Consultants | 30914 | $2,091.50 |
| 09/15/10 | | MC 2 Consultants | 31047 | $3,047.04 |
| 10/14/10 | | MC 2 Consultants | 31137 | $1,562.75 |
| 11/12/10 | | MC 2 Consultants | 31407 | $11,406.95 |
| 12/15/10 | 02/04/11 | MC 2 Consultants | 31533 | $23,915.70 |
| 01/17/11 | 02/04/11 | MC 2 Consultants | 31631 | $18,779.30 |
| | | | | $61,626.04 |
| | | | | |
| 7/20/10 | Courtland | Sombrero Painting | 01667 | $180.00 |
| 12/17/10 | Courtland | Sombrero Painting | 01684 | $160.00 |
| 12/20/10 | Courtland | Sombrero Painting | 01789 | $1,738.00 |
| | | | | $2,078.00 |
| | | | | |
| 11/17/10 | Courtland | Palo Verde Plastering | RRS266L | $7,227.00 |
| 11/17/10 | Courtland | Palo Verde Plastering | RRS300L | $8,558.00 |
| 11/17/10 | Courtland | Palo Verde Plastering | RRS266P | $7,227.00 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS267L | $4,310.50 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS267P | $4,310.50 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS299L | $8,852.00 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS299P | $8,852.00 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS300P | $8,558.00 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS330L | $7,406.50 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS334L | $6,613.50 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS334P | $6,613.50 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS392L | $3,451.00 |
| 12/15/10 | Courtland | Palo Verde Plastering | RRS392P | $3,451.00 |
| | | | | |
| | | | | |
| | | | | $85,430.50 |
| | | | | |
| 11/30/10 | Courtland | Ruben Canez Masonry | 19028 | $565.00 |
| | | | | $565.00 |
| | | | | |
| 11/16/10 | Courtland | Universal Electric, Inc. | 54947 | $195.00 |
| 12/15/10 | Courtland | Universal Electric, Inc. | 54966 | $65.00 |
| 12/15/10 | Courtland | Universal Electric, Inc. | 54965 | $195.00 |
| | | | | $455.00 |
| | | | | |
| 11/16/10 | Courtland | Mesa Insulation | 1586 | $260.00 |

Koeller, Nebeker, Carlson Haluck, LLP

| Invoice Date | Date Sent | Provider | Invoice Number | Invoice Amount |
|---|---|---|---|---|
| | | | | $260.00 |
| | | | | |
| 12/15/10 | Courtland | McKeown, Inc. | 49674 | $536.25 |
| | | | | $536.25 |
| | | | | |
| 11/17/10 | Courtland | Sierra Waste | 182630 | $1,220.00 |
| 11/30/10 | Courtland | Sierra Waste | 184056 | $60.00 |
| 11/30/10 | Courtland | Sierra Waste | 184055 | $640.00 |
| 11/30/10 | Courtland | Sierra Waste | 183967 | $900.00 |
| 12/15/10 | Courtland | Sierra Waste | 185360 | $415.00 |
| 12/15/10 | Courtland | Sierra Waste | 185361 | $30.00 |
| 12/15/10 | Courtland | Sierra Waste | 185406 | $320.00 |
| 12/15/10 | Courtland | Sierra Waste | 185454 | $325.00 |
| 12/15/10 | Courtland | Sierra Waste | 185464 | $605.62 |
| 12/31/10 | Courtland | Sierra Waste | 186652 | $75.00 |
| 12/31/10 | Courtland | Sierra Waste | 186643 | $295.00 |
| 12/31/10 | Courtland | Sierra Waste | 186687 | $105.00 |
| 12/31/10 | Courtland | Sierra Waste | 186727 | $640.00 |
| 12/31/10 | Courtland | Sierra Waste | 186728 | $320.00 |
| 12/31/10 | Courtland | Sierra Waste | 186754 | $346.46 |
| | | | | |
| | | | | |
| | | | | $6,297.08 |
| | | | | |
| 11/22/10 | Courtland | Furtmann Bros | 1694 | $517.00 |
| | | | | $517.00 |
| | | | | |
| 10/11/10 | Courtland | AV Builder | AV6630 | $6,000.00 |
| | | | | $6,000.00 |
| | | | | |
| 10/24/10 | Courtland | Jackpot Sanitation | 0A000019 | $107.37 |
| 11/29/10 | Courtland | Jackpot Sanitation | OBT00062 | $100.21 |
| 12/27/10 | Courtland | Jackpot Sanitation | OCR000060 | $100.21 |
| | | | | |
| | | | | $307.79 |
| | | | | |
| 11/18/10 | Courtland | Homeowner Garrett | 111810 | $160.00 |
| 12/9/10 | Courtland | Homeowner Garrett | 120910 | $240.00 |
| 12/16/10 | Courtland | Homeowner Garrett | 121610 | $290.00 |
| 1/11/11 | Courtland | Homeowner Schlum | 1112011 | $300.00 |
| | | | | $990.00 |
| | | | | |
| 09/24/10 | Courtland | Micro-Chem | 6998 | $1,800.00 |
| | | | | $1,800.00 |
| | | | | |
| 12/08/10 | Courtland | Javier Cabrera time | thru 12/07 | $5,275.00 |
| 12/08/10 | Courtland | Jared Evenson time | thru 12/03 | $8,600.00 |
| 01/18/11 | Courtland | Javier Cabrera time | thru 1/13 | $4,050.00 |
| 01/18/11 | Courtland | Jared Evenson time | thru 1/13 | $2,100.00 |

| Invoice Date | Date Sent | Provider | Invoice Number | Invoice Amount |
|---|---|---|---|---|
| | | | | |
| | | | | $20,025.00 |
| 06/30/10 | | KNCH | 136245 | $980.50 |
| 08/30/10 | 09/15/10 | KNCH | 137780 | $9,805.63 |
| 09/15/10 | 09/20/10 | KNCH | 138473 | $7,166.43 |
| 10/29/10 | 12/09/10 | KNCH | 139540 | $4,552.38 |
| 11/17/10 | 12/09/10 | KNCH | 140062 | $16,453.24 |
| 12/29/10 | 01/10/11 | KNCH | 140823 | $15,683.09 |
| 01/27/11 | 02/04/11 | KNCH | 141783 | $8,983.06 |
| | | | | |
| | | | | $63,624.33 |

| | TOTALS = | $250,511.99 |
|---|---|---|